IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Ronald N. Haskins | * | |
|    Plaintiff | * | |
| | * | |
| vs. | * | |
| | * | Civil Action No: 1:11-cv-02000-TJS |
| Brian K. Hawk | * | |
|    Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,
OR FOR SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT

Plaintiff Ronald N. Haskins, by his attorney Bert W. Kapinus files this Opposition to Defendants' Motion to Dismiss, or for Summary Judgment as to the Second Amended Complaint and states:

I. FACTUAL OR PROCEDURAL BACKGROUND

For purposes of this opposition Plaintiff accepts the statement of facts set forth in Defendant's opposition, except for that portion of the statement that this claim should be dismissed with prejudice because Mr. Haskins failed to follow the procedural requirements mandated by the Maryland Tort Claim's Act (MTCA). Md. Code Ann. State Gov't (SG) §§12-201-12501 (2009 Repl. Volume)

II. ARGUMENT

Defendant contends that Plaintiff failed to serve notice of his claim on the State Treasurer's Office within one year of the incident. The date of the alleged incident was August 9, 2008. Defendant claims that timely notifiction is mandated by both SG 12-106(b)(1) and (COMAR 25.02.03.03 B(1)).

1

Defendant contends that Plaintiff did not submit his Notice of Claim Form until January 4, 2010, more than one year in violation of the statute.

Plaintiff's claim had been brought against Brian K. Hawk in his personal capacity. There is no claim against Defendant in his official capacity, nor the State of Maryland. As a consequence, it was not necessary to send the statutory notice to the State Treasurer.

On August 9, 2008, Plaintiff was housed at the Western Correctional Institute, a Division of Corrections' facility. On that date two correctional officers, Officer Gilbert and Officer Schoemacher, entered the Plaintiff's cell and attempted to confiscate a cell phone from Plaintiff's cell mate. During the course of the incident Mr. Haskins' cell mate threw the cell phone and hit one of the correctional officers in the head. The cell phone fell on the floor in the vicinity of Mr. Haskins who picked it up and attempted to throw it to another cell in an attempt to keep it from the officers. The officers who were present restrained Mr. Haskins. Shortly thereafter Officer Hawk appeared on the scene. Officer Hawk was not present when the incident involving the cell phone occurred. He arrived after Mr. Haskins had been restrained by the other correctional officers. When Officer Hawk did arrive, Officer Gilbert hollered "man, that's assault, that's assault." Officer Hawk apparently thought the Plaintiff had committed the assault because he restrained the Plaintiff, grabbed him by his head, and took him into another area. (Exhibit A, Administrative Hearing, March 24, 2010, Page 15)

Officer Hawk said to Plaintiff "you like assaulting my officers?" (Exhibit A, Page 16, Line 4-11) He proceeded to ram Plaintiff's head into a door. (Exhibit A, Page 16, Line 19-21) Officer Hawk then kicked Plaintiff in the head several times. (Exhibit A, Page 18, Line 3-6) Officer Hawk put on gloves and punched him in the face, and made Plaintiff disrobe (Exhibit A, Page 18, Line 17-20, Page 19, Line 20-25) Once Plaintiff was naked, Officer Hawk required him to bend over. He was required to bend over multiple times, with a threat from Defendant that he didn't do it. "I'm going to put my foot in your ass." (Exhibit A, Page 20, Line 6-20) Plaintiff was then made to put on his clothes. Officer Hawk pushed Plaintiff's head into a grill gate.

(Exhibit A, Page 20, Line 6-20) The aforesaid facts are sufficient to support a conclusion that Defendant acted with malice.

In *Pope vs. Barber* 172 Md. App. 391, 915 A2d 448, 462 (2007), the Court observed that applying section 12-106(b) solely to claims against the State is consistent with "the statutory purpose of SG 12-106(b), which is to "give the State early notice of claims against it." This is to enable the Treasurer the "opportunity to investigate the claims while the facts are fresh and memories vivid and, where appropriate, settle them at the earliest time." *Candlero vs Cole* 152 Md. App. 180, at 195-96, 831 A2d 495 (quoting *Haupt vs State*, 340 Md 462, 470 667 A2d 179 (1993) The *Pope* Court then went on to say that "notice of a claim against an individual officer does not advance either of these purposes." The Court went on to hold when a claimant pursues a tort action against an individual classified as a State personnel who acted with malice, a requirement that a claimant give notice to the Treasurer would not serve the investigation and settlement purposes underlying 12-106(b). Therefore, the Treasurer need not be given the statutory notice where the individual is alleged to have acted maliciously. *Pope vs. Barber* at 462.

In *Sawyer vs Humphries* 322 Md 247, 587 A2d 467, 474 (1991) the Court held that Plaintiff who had not named the State as a Defendant and had not given the Treasurer notice against the individual State police officer, could nevertheless pursue his claim against the officer. See *id.* at 252, 262, 587 A2d 467. Cited in *Chumwuba vs Larsen* 790 A2d 83, 100-101 (Md. App. 2002)

Given the nature and scope of Officer Hawk's treatment of Mr. Haskins, a jury could find that Mr. Hawk acted with malice. Therefore, Mr. Haskins' State constitutional violation claim is not subject to the notice provision of the MTCA.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or for Summary Judgment as to the Second Amended Complaint should be denied.

Respectfully submitted,

*/s/ Bert W. Kapinus*
Bert W. Kapinus, Esquire
Attorney for Plaintiff
7100 Baltimore Avenue, Suite 102
College Park, Maryland 20742

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the aforementioned Plaintiff's Opposition to Defendant's Motion to Dismiss, or for Summary Judgment as to the Second Amended Complaint was mailed on the 17th day of May, 2013, to Laura Mullally, Esquire, Assistant Attorney General, 108 Sudbrook Lane, Suite A, Pikesville, Maryland 21208, via U.S. mail, postage prepaid, and filed electronically through ECF.

*/s/ Bert W. Kapinus*
Bert W. Kapinus, Esquire