IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD N. HASKINS #285369, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS 11-cv-2000 |
| CORRECTIONAL OFFICER BRIAN K. HAWK, | * | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE – DISCHARGE FROM EMPLOYMENT OF BRIAN K. HAWK</u>**

Brian K. Hawk, defendant, through his attorneys, Douglas F. Gansler, Attorney General of Maryland, and Laura Mullally, Assistant Attorney General, replies to plaintiff's response to defendant's motion in limine concerning defendant's discharge from employment from the Department of Public Safety and Correctional Services in July, 2011.

1. It is clear that plaintiff wishes to use the defendant's discharge from employment and arrest in order to impeach his credibility.  *See* Response to Defendant's Motion in Limine – Discharge from Employment.  Plaintiff cites no federal rule of evidence that permits impeachment based upon a party's separation from

employment for failing to report to work, nor does he cite any rule that permits impeachment based upon an arrest.

2. Plaintiff does not dispute that defendant was discharged from employment based upon his failure to report to work on July 15, 2011 or any time thereafter.[1] Its connection, if any, to defendant's arrest is of no material consequence.

3. The statement by defendant that plaintiff references was written and signed by the defendant on January 13, 2010, prior to an administrative hearing before the Inmate Grievance Office (IGO"), wherein plaintiff accused the defendant of assaulting him on August 9, 2008.  *See* statement, attached hereto as defendant's Exhibit A.  The statement directly rebutted plaintiff's accusation of assault.  It was submitted "for IGO purposes."  It was not written in anticipation of the defendant's arrest 18 months in the future, and is factually and temporally unconnected to the circumstances underlying the arrest.

4. Plaintiff now seeks to link the statement to defendant's arrest and separation from employment.  He erroneously claims that the defendant was discharged for "wrongdoing."  Response at 2.  He alleges without any factual support that the defendant "was providing contraband to other prisoners."[2] Response at 1.  Even if

---

[1] Employment records are confidential under State law. *See Baltimore City v. State of Maryland,* 158 Md. App. 274, 282 (2004).  Records of the defendant's discharge from employment will be provided should the plaintiff dispute the underlying reason.

[2] The defendant was not observed, charged with or convicted of "providing contraband to other prisoners." Response at 1.  The defendant was convicted of the crime of possession with intent to deliver contraband into a place of confinement.  The contraband was one

the latter were true, admission of evidence of the defendant's discharge from employment for failing to report to work in this case is unfairly prejudicial, and runs the risk of confusing the issue and misleading the jury.  Evidence of separation from employment does not support plaintiff's unjustified attempt to impeach the defendant.

**LEGAL AUTHORITY**

Fed. R. Evid. 401.

Fed. R. Evid. 402.

Fed. R. Evid. 403.

                                                   Respectfully submitted,

                                                   DOUGLAS F. GANSLER
                                                   Attorney General of Maryland

                                                              /s/
                                                _____
                                                LAURA MULLALLY
                                                Assistant Attorney General
                                                Bar no. 28145
                                                Department of Public Safety and
                                                  Correctional Services
                                                115 Sudbrook Lane, Suite A
                                                Pikesville, MD  21209
                                                410-585-3449

                                                Attorneys for the Defendant

---

cell phone.  Plaintiff cannot identify any evidence that the defendant has committed this offense on multiple occasions and/or for multiple inmates.